{¶ 45} I concur with the majority's judgment and write separately only to explain that I would have resolved Haney's second assignment of error differently. The majority concludes that while the allowance of the opinion testimony offered by the patrolman is troubling, it was not reversible error to admit it since the trial court is presumed to have only considered relevant, competent evidence. On the other hand, I would find that the admission of the opinion evidence was error but that the error was harmless.
 {¶ 46} The patrolman was testifying not as an expert, but as a lay witness. When a lay witness testifies, his opinion testimony is limited to those opinions that are "(1) rationally based on the perception of the witness and (2) helpful to a clear understanding of his testimony or the determination of a fact in issue." Evid.R. 701. In this case, the patrolman gave his opinion that Haney's action of taking the rock salt was a crime. Whether Haney's action of taking the rock salt constituted a crime was the ultimate issue for the trier of fact. The patrolman should only have testified as to what he witnessed Haney doing — taking the salt and driving away. Thus, it was error to allow the patrolman to give his opinion as to whether Haney's actions constituted a crime. With that said, this error was harmless. The other evidence, as analyzed in the first assignment of error, clearly demonstrated Haney's guilt. Therefore, I concur with the majority's conclusion that Haney's second assignment of error lacks merit.